# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEWIS,<br><br>        Plaintiff,<br><br>v.<br><br>J. VASQUEZ, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00131-LJO-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT, DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE, AND DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>[ECF Nos. 9, 10, 12] |

Plaintiff Lonnie Lewis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, which was lodged on June 14, 2017.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on January 30, 2017. On April 19, 2017, the Court screened Plaintiff's complaint and directed Plaintiff to file an amended complaint or notify the Court of his intent to proceed on the claim found to be cognizable.

On May 25, 2017, Plaintiff notified the Court of his intent to proceed on the claim found to be cognizable. Therefore, on May 30, 2017, the Court issued Findings and Recommendations

1

recommending that this action proceed on Plaintiff's damages claim for retaliation against Defendant Vasquez and all other claims and Defendants be dismissed.

On June 14, 2017, Plaintiff submitted a first amended complaint, which was lodged.

Then, on June 19, 2017, Plaintiff filed a motion regarding objections to the Findings and Recommendations and a separate motion for an extension of time. In his June 19, 2017, filings, Plaintiff indicates that he submitted a first amended complaint and requests ruling on such complaint before filing objections to the pending Findings and Recommendations.

## II.

## DISCUSSION

The Court will direct the Clerk of Court to file Plaintiff's first amended complaint which was lodged on June 14, 2017.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

In this instance, because Plaintiff has not previously amended the complaint and no responsive pleading has been served, he is entitled to amend the complaint as a matter of course. Accordingly, the amended complaint will be filed, and the Court will simultaneously screen the amended complaint herein.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff names J. Vasquez (correctional officer), C. Stanley (correctional lieutenant), M. Biter, (Warden at Kern Valley State Prison [KVSP]), T.S. Arlitz (Associate Warden at KVSP), and M. Jiminez (correctional officer), as Defendants.

On June 11, 2014, Plaintiff was placed in administrative segregation after being falsely accused of threatening staff. On this same date, Plaintiff received a Rules Violation Report for

threatening staff. On this same date, Defendant Vasquez searched Plaintiff's cell and destroyed some of his personal property.

On or about July 21, 2014, Plaintiff was found not guilty of threatening staff.

On August 18, 2014, Plaintiff filed an inmate appeal against Defendant J. Vasquez for staff misconduct in falsifying a legal document. As part of the appeal investigation, Defendant Vasquez was interviewed. After being made aware of the appeal during the interview, Defendant Vasquez requested that Plaintiff be placed in administrative segregation and transferred to another prison.

On August 29, 2014, Plaintiff was interviewed by Defendant C. Stanley. During the interview, Defendant Vasquez requested that Stanley place Plaintiff in administrative segregation and transferred to another prison.

On October 10, 2014, Plaintiff was placed in administrative segregation and subsequently transferred to High Desert State Prison.

On October 29, 2014, while stiff housed in administrative segregation, Plaintiff sent a letter to Defendant M. Biter regarding Defendant Vasquez's actions against Plaintiff. Defendant Biter failed to investigate and rectify the matter. Defendant Biter delegated the matter to Defendant T.S. Arlitz who did not conduct an investigation and advised Plaintiff to utilize the appeal system. As a result, Plaintiff remained in administrative segregation without allowable personal property until he was transferred to High Desert State Prison.

### IV.

### DISCUSSION

#### A.   Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts

demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Although Plaintiff names M. Jiminez as a Defendant, he fails to link this individual to any affirmative act or omission giving rise to a constitutional violation.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The causation element of a First Amendment retaliation claim requires the inmate plaintiff to show that protected conduct was the substantial or motivating factor underlying the defendant's adverse action. Brodheim v. Cry, 584 F.3d at 1271. "Recognizing that the ultimate fact of retaliation for the exercise of a constitutionally protected right rarely can be supported with direct evidence of intent that can be pleaded in a complaint, [citation omitted], courts have found sufficient complaints that allege a chronology of events from which retaliation may be inferred." Murphy v. Lane, 833 F.2d 106, 108 (7th Cir. 1987) (quoting Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985).

Based on Plaintiff's allegations in the first amended complaint, Plaintiff states a cognizable claim for retaliation against Defendants J. Vasquez and C. Stanley for requesting that Plaintiff be placed in administrative segregation and transferred to another prison because of Plaintiff's August 18, 2014 appeal.

///
///

**C. Supervisory Liability**

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff contends that Defendant Biter violated Plaintiff's constitutional rights by failing to investigate and rectify the fact that he remained in administrative segregation without allowable property until his transfer to High Desert State Prison. Plaintiff contends that he sent a letter to Biter on October 29, 2014, but Plaintiff fails to indicate what information was contained in the letter. In addition, Plaintiff merely contends that Defendant Biter delegated the matter to Defendant T.S. Arlitz who advised Plaintiff to utilize the inmate appeals process. Plaintiff has failed to demonstrate liability on the part of either Defendant Biter or Arlitz. The mere fact that Biter delegated the matter to Arlitz does not give rise to a constitutional violation, and the fact that Defendant Arlitz advised Plaintiff to utilize the inmate appeals process to address his complaints also does not give rise to a constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Biter and Arlitz.

**D. Due Process/Destruction of Personal Property**

Prisoners do have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)), "[a]n unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at 627.

Plaintiff alleges that his property was improperly confiscated after an improper search of his cell, which indicates that the deprivation of property was intentional and unauthorized. Therefore, Plaintiff's remedy would be found under California law and he fails to state a claim for the loss of his personal property.

### IV.

### CONCLUSION AND ORDER

Plaintiff's first amended complaint states a cognizable retaliation claim against Defendants Vasquez and Stanley for requesting that Plaintiff be placed in administrative segregation and transferred to another prison because of Plaintiff's August 18, 2014 appeal. With the exception of the allegations against Defendant Stanley, Plaintiff has essentially raised the same claims and arguments as presented in his original complaint, which were dismissed with leave to amend. As previously stated, in lieu of amendment, Plaintiff chose to proceed solely against Defendant Vasquez for retaliation in violation of the First Amendment. The Court will grant Plaintiff one additional opportunity to file an amended complaint, if he believes he can do so in good faith. Plaintiff may not

6

change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the cognizable First Amendment claim against Defendants Vasquez and Stanley, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued May 30, 2017, are vacated;
2. Plaintiff's motion for an extension of time to file objections to the Findings and Recommendations is denied as moot;
3. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
4. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Vasquez and Stanley for damages for his retaliation claim in violation of the First Amendment; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 20, 2017**

UNITED STATES MAGISTRATE JUDGE